UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRELL DURHAM (2018-1006111), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:19-cv-3045 |
| | ) Judge: Sara L. Ellis |
| A.B. COTTON, also known as ALEXIS B. COTTON, and K.P. KNABJIAN, also known as KEVIN P. KNABJIAN, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, TERRELL DURHAM ("DURHAM") by and through his attorneys, Mickey Wilson Weiler Renzi Lenert & Julien, P.C., and as his First Amended Complaint at Law against the Defendants, A.B. COTTON, also known as ALEXIS B. COTTON ("COTTON") and K.P. KNABJIAN, also known as KEVIN P. KNABJIAN ("KNABJIAN") states as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over Counts I through VIII hereof because these claims arise under the Fourth and Fourteenth Amendments of the United States Constitution and are brought pursuant to 42 U.S.C. § 1983.

2. All the events giving rise to this claim occurred within the geographic boundaries of the Northern District of Illinois Eastern Division, and therefore, venue in this court is proper under 28 U.S.C. § 1391(b)(2).

3. This Court has supplemental jurisdiction over Count IX and X pursuant to 28 U.S.C § 1367 because the claims asserted in Counts IX and X derive from a common nucleus of operative facts.

## PARTIES

4. At all times herein mentioned, Plaintiff DURHAM was and now is an African American adult male lawfully residing in the City of Chicago, County of Cook, State of Illinois, United States of America, and as such is entitled to all protection that the Constitution and laws of the State of Illinois offer.

5. During the times mentioned herein, Defendant COTTON was a member of the City of Chicago Police Department, holding badge start number 17625, and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago.

6. During the times mentioned herein, KNABJIAN was a member of the City of Chicago Police Department, holding badge start number 17303, and was acting under the color of state law and as the employee, agent, or representative of the City of Chicago.

## FACTS COMMON TO ALL COUNTS

7. On July 7, 2018, at approximately 3:45 p.m., Plaintiff DURHAM was standing in the threshold of his residence at 6721 S. Morgan St., Chicago, IL 60653 conversing with his brother-in-law and was conducting himself in a peaceful and lawful manner and had done nothing to create an impression upon a reasonable person that he was committing or about to commit a crime.

8. At the aforementioned time and place, Defendants COTTON and KNABJIAN approached Plaintiff, and without probable cause to do so, conducted a search of Plaintiff's person.

9. The search of DURHAM included reaching into DURHAM's pocket and extracting a bag containing pills of on unidentified type.

10. As a result of that search, without first determining whether DURHAM's possession of the pills was unlawful, COTTON and KNABJIAN placed DURHAM under arrest.

## COUNT I
### (Unreasonable Search and Seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983 as to Defendant Cotton)

11. Plaintiff hereby alleges that COTTON, in her individual and official capacity, violated DURHAM's rights granted under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures without probable cause and therefore violated the provisions of 42 U.S.C § 1983 in that COTTON searched, or assisted KNABJIAN in searching, DURHAM's person, including reaching into DURHAM's pocket without consent or probable cause.

## COUNT II
### (Unreasonable Search and Seizure in violation of the Fourth Amendment and 42 U.S.C. § 1983 as to Defendant Knabjian)

12. Plaintiff hereby alleges that KNABJIAN, in his individual and official capacity, violated DURHAM's rights granted under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures without probable cause and therefore violated the provisions of 42 U.S.C. § 1983 in that KNABJIAN searched, or assisted COTTON in searching, DURHAM's person, including reaching into DURHAM's pocket without consent or probable cause.

## COUNT III
### (Equal Protection/Racial Profiling in violation of the Fourteenth Amendment and 42 U.S.C. § 1983 as to Defendant Cotton)

13. At all times set forth herein, COTTON had no lawful reason to approach DURHAM or to conduct a search of his person.

14. The entire encounter between COTTON and DURHAM was based upon Plaintiff's race, gender, and age, which created a presumption on the part of COTTON that Plaintiff must be breaking the law.

15. At all relevant times herein, COTTON was acting under the color of the law, and her actions were calculated, and her unreasonable search of the Plaintiff was callous and exhibited deliberate and reckless disregard for Plaintiff's Constitutional rights as a citizen of the State of Illinois, and the United States.

16. As a direct and proximate result of the actions of COTTON, Plaintiff suffered harm including, but not limited to, humiliation, embarrassment, infliction of stress, and ultimately a loss of his liberty.

17. COTTON's conduct violated Plaintiff's right under the Fourteenth Amendment of the United States Constitution and violated 42 U.S.C. § 1983.

18. The actions of COTTON were undertaken maliciously, intentionally, and with a reckless disregard for Plaintiff's rights, thereby justifying an award of punitive damages.

## COUNT IV
### (Equal Protection/Racial Profiling in violation of the Fourteenth Amendment and 42 U.S.C. § 1983 as to Defendant Knabjian)

19. At all times set forth herein, KNABJIAN had no lawful reason to approach DURHAM or to conduct a search of his person.

20. The entire encounter between KNABJIAN and DURHAM was based upon Plaintiff's race, gender, and age, which created a presumption on the part of KNABJIAN that Plaintiff must be breaking the law.

21. At all relevant times herein, KNABJIAN was acting under the color of the law, and his actions were calculated, and his unreasonable search of the Plaintiff was callous and exhibited deliberate and reckless disregard for Plaintiff's Constitutional rights as a citizen of the State of Illinois, and the United States.

22. As a direct and proximate result of the actions of KNABJIAN, Plaintiff suffered harm including, but not limited to, humiliation, embarrassment, infliction of stress, and ultimately a loss of his liberty.

23. KNABJIAN's conduct violated Plaintiff's right under the Fourteenth Amendment of the United States Constitution and violated 42 U.S.C. § 1983.

24. The actions of KNABJIAN were undertaken maliciously, intentionally, and with a reckless disregard for Plaintiff's rights, thereby justifying an award of punitive damages.

### COUNT V
**(False Arrest in Violation of the Fourth Amendment and 42 U.S.C. § 1983 as to Cotton)**

25. As a result of her unlawful search of the Plaintiff, COTTON extracted a package from the pocket of the Plaintiff containing pills which Defendant, without probable cause to do so, concluded were unlawfully possessed by the Plaintiff.

26. After extracting the package from DURHAM's pocket, COTTON and KNABJIAN placed Plaintiff under arrest, thereby depriving him of his personal liberty.

27. The only basis for placing DURHAM under arrest was the unlawful search of his person, and the seizure of his property in violation of DURHAM's rights under the Fourth Amendment of the United States Constitution.

28. COTTON's subsequent arrest of DURHAM was therefore unlawful and in violation of DURHAM's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## COUNT VI
### (False Arrest in Violation of the Fourth Amendment and 42 U.S.C. § 1983 as to Knabjian)

29. As a result of his unlawful search of the Plaintiff, KNABJIAN extracted a package from the pocket of the Plaintiff containing pills which Defendant, without probable cause to do so, concluded were unlawfully possessed by the Plaintiff.

30. After extracting the package from DURHAM's pocket, KNABJIAN and COTTON placed Plaintiff under arrest, thereby depriving him of his personal liberty.

31. The only basis for placing DURHAM under arrest was the unlawful search of his person, and the seizure of his property in violation of DURHAM's rights under the Fourth Amendment of the United States Constitution.

32. KNABJIAN's subsequent arrest of DURHAM was therefore unlawful and in violation of DURHAM's rights under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983.

## COUNT VII
### (Falsification of Information Leading to the Approval of Criminal Charges in Violation of Plaintiff's Right to Free from Unreasonable Seizures and Due Process under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 as to Cotton)

33. Following COTTON's arrest of DURHAM, COTTON, along with KNABJIAN, prepared a report which falsely asserted facts that created the false impression that they had probable cause to search DURHAM and therefore arrest him, knowing that such a report would be necessary for their supervising officer, J.C. Labbe, to determine that the search and arrest was based upon probable cause, and thereby justifying the filing of charges against DURHAM.

## COUNT VIII
### (Falsification of Information Leading to the Approval of Criminal Charges in Violation of Plaintiff's Right to Free from Unreasonable Seizures and Due Process under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 as to Knabjian)

34. Following KNABJIAN's arrest of DURHAM, KNABJIAN, along with COTTON, prepared a report which falsely asserted facts that created the false impression that they had probable cause to search DURHAM and therefore arrest him, knowing that such a report would be necessary for their supervising officer, J.C. Labbe, to determine that the search and arrest was based upon probable cause, and thereby justifying the filing of charges against DURHAM.

## COUNT IX
### (Malicious Prosecution in Violation of Illinois State Law as to Cotton)

35. The falsification of the report by COTTON was intended to and did result in the filing of criminal charges against DURHAM.

36. Based upon the unlawful search of DURHAM, his arrest was quashed, and the criminal proceedings against him were terminated in DURHAM's favor.

37. As a result of the malicious prosecution, DURHAM suffered a loss of his liberty.

38. Under Illinois law, DURHAM's loss of liberty was a result of malicious prosecution on the part of COTTON.

## COUNT IX
### (Malicious Prosecution in Violation of Illinois State Law as to Knabjian)

39. The falsification of the report by KNABJIAN was intended to and did result in the filing of criminal charges against DURHAM.

40. Based upon the unlawful search of DURHAM, his arrest was quashed, and the criminal proceedings against him were terminated in DURHAM's favor.

41. As a result of the malicious prosecution, DURHAM suffered a loss of his liberty.

42. Under Illinois law, DURHAM's loss of liberty was a result of malicious prosecution on the part of KNABJIAN.

## RELIEF SOUGHT

WHEREFORE, the Plaintiff, TERRELL DURHAM, respectfully asks this Court:

(a) Award the Plaintiff compensatory damages to the Plaintiff from each Defendant in an amount to be determined by the jury;

(b) Award the Plaintiff punitive damages to be determined by the jury and assessed against each Defendant;

(c) Award the Plaintiff reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

(d) Award the Plaintiff's reasonable litigation costs; and

(e) Grant the Plaintiff other and further relief as the nature of the case may permit.

## JURY DEMAND

The Plaintiff, TERRELL DURHAM, demands trial by jury on all counts.

DATED: October 23, 2019.

Respectfully submitted,

MICKEY, WILSON, WEILER, RENZI,
LENERT & JULIEN, P.C.,
Attorneys for Plaintiff

By: _____
Bernard K. Weiler, One of his Attorneys

Bernard K. Weiler/3128608
Gary K. Mickey/1905007
Mickey, Wilson, Weiler, Renzi, Lenert & Julien, P.C.
140 S. Municipal Drive
Sugar Grove, Illinois 60554
PH: (630) 801-9699
Fax: (630) 801-9715
Email: bkw@mickeywilson.com
gkm@mickeywilson.com